**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| LYDIA F. KOLB and ROBERT KOLB,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. BARD, INC. and DAVOL INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 3:07-0482 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS C.R. BARD, INC. AND DAVOL INC.**

Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), by and through their counsel, hereby file this answer to Plaintiffs' Complaint as follows.

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Defendants admit that they are foreign corporations that have conducted business in the State of Tennessee. Answering further, Bard admits that it is a New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Bard admits that Davol is a subsidiary of Bard with its principal place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island 02920. Defendants deny each and every remaining allegation in Paragraph 2.

3. Paragraph 3 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required,

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore deny the same.

4. Bard denies each and every allegation contained in Paragraph 4. Davol admits that at various times it designed, manufactured, and marketed various hernia repair products, including the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information within the United States, including the State of Tennessee. Davol states that it does not know what is meant by "fabricated," "produced," "processed," "assembled" or "introduced into the stream of commerce" beyond the meanings of "manufactured" and "marketed," which have been admitted. As to the remaining allegations in Paragraph 4, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

4. The second Paragraph 4 [sic] of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in the second Paragraph 4.

5. Paragraph 5 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 5.

6. Paragraph 6 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 6.

7. Paragraph 7 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 7.

8. Paragraph 8 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 8.

9. Paragraph 9 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 9.

10. Paragraph 10 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 10.

11. Paragraph 11 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 11.

12. Paragraph 12 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 12.

## SEPARATE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiffs' claims in whole or in part.

6. Plaintiffs', or their agents', including their physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

7. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

9. If Plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiffs' claims.

11. The learned intermediary doctrine bars Plaintiffs' claims.

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

16. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

17. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or

fault of Plaintiffs or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

19. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiffs and owes no duty to Plaintiffs by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

23. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

24. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

26. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: May 9, 2007

Respectfully submitted,

s/Melissa Loney Stevens

Melissa Loney Stevens (BPR No. 023036)
Andrew Colocotronis (BPR No. 017052)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
2200 Riverview Tower
900 South Gay Street
PO Box 1792
Knoxville, TN 37902
(865) 549-7000
(865) 525-8569 (fax)

*ATTORNEYS FOR DEFENDANTS DAVOL, INC. AND C.R. BARD, INC.*

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Michael L. Junk
SPRIGGS & HOLLINGSWORTH
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2007, a copy of the foregoing Answer and Affirmative Defenses of Defendants C.R. Bard, Inc. and Davol Inc. was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Donald D. Zuccarello
Nina Parsley
3209 West End Avenue
Nashville, Tennessee 37203

*via electronic notice and first-class mail*

s/Melissa Loney Stevens
Melissa Loney Stevens